## IN THE UNITED STATES DISTRICT COURT
### FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE G. KOZUCH and<br>KATHRYNANN KOZUCH, h/w<br><br>                Plaintiff(s),<br><br>       v.<br><br>THE BOEING COMPANY,<br>3M COMPANY,<br>WYETH HOLDINGS CORPORATION,<br>F/K/A AMERICAN CYANAMID<br>COMPANY,<br>BRAND INSULATIONS, INC.,<br>CATERPILLAR, INC.,<br>CLARK EQUIPMENT COMPANY,<br>CRANE COMPANY,<br>DREVER COMPANY,<br>DEXTER HYSOL AEROSPACE, LLC,<br>FOSTER WHEELER, LLC,<br>HAJOCA CORPORATION,<br>HENKEL CORPORATION,<br>HONEYWELL INTERNATIONAL, INC.,<br>AS SUCCESSOR IN INTEREST TO ALIAS:<br>to BENDIX CORPORATION,<br>KEELER/DORR-OLIVER BOILER CO.,<br>METROPOLITAN LIFE INSURANCE CO.,<br>UNION CARBIDE CORPORATION,<br>U.S. SUPPLY COMPANY, and<br>WEINSTEIN SUPPLY CO.<br><br>              Defendants. | Civil Action<br><br>No.<br><br><br>Transferred from the Court of Common Pleas,<br>Philadelphia County (210501678)<br><br><br>Defendant THE BOEING COMPANY'S<br>Notice of Removal Pursuant to 28 U.S.C.<br>§1442 |

## DEFENDANT THE BOEING COMPANY'S
## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, The Boeing Company ("Boeing"), by its attorneys, GOLDBERG SEGALLA, hereby removes the above-captioned action from the Court of Common Pleas of Philadelphia County based upon federal officer jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.  In filing this Notice of Removal, Boeing does not waive any defenses that it may have in this action.  Boeing provides the following short and plain statement of the grounds for removal:[1]

## I.      BACKGROUND

1. On or about May 19, 2021, Plaintiffs Eugene G. Kozuch and Kathrynann Kozuch filed their Complaint, captioned *Eugene G. Kozuch and Kathrynann Kozuch, h/w v. The Boeing Company, et al.*, in the Court of Common Pleas of Philadelphia County ("State Court"), Docket No. 210501678. *See* Pls.' Compl. (attached hereto as **Exhibit A**).  Boeing was served with Plaintiffs' Complaint on or about June 1, 2021.

2. In the Complaint, Plaintiffs allege that Eugene G. Kozuch ("Mr. Kozuch") was employed by Boeing at Boeing's Ridley Park, Pennsylvania premises from 1974 to 1999, as a forklift operator, inventory controller, production control dispatcher, and storeroom employee. *See* Ex. A at ¶¶ 3-5.  Plaintiffs further claim that Mr. Kozuch developed mesothelioma as a result of asbestos exposure that he allegedly experienced "during portions of his employment for Boeing." *Id.* at ¶ 4.

3. Plaintiffs' Complaint states that Boeing:

---

[1] A removing defendant is not required to submit evidence to support its Notice of Removal.  In fact, the statute that governs removal of actions requires only that the Notice of Removal contain "a short and plain statement of the grounds of removal." *Betzner v. The Boeing Company*, 910 F.3d 1010, 1014 (7th Cir. 2018), *quoting Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 553 (2014); 28 U.S.C. § 1446(a).

is being sued based upon employer premises liability in that the defendant negligently owned, possessed, operated and controlled the premises in Ridley Park, Pennsylvania in a manner that the plaintiff was exposed to asbestos dust from asbestos-containing products that were being utilized on defendant's premises, and that the defendant knew or should have known that this exposure was a significant health hazard to its employees, the plaintiff and others similarly situated.

*Id.* at ¶ 5.

4. On or about June 15, 2021, Plaintiffs served "Plaintiff's Answers to Defendants' Master Interrogatories" (attached hereto as **Exhibit B**). When requested to identify the asbestos-containing products to which Mr. Kozuch believed he was exposed, Mr. Kozuch responded: "To be supplied by plaintiff at his discovery deposition, and/or by plaintiff's product identification witnesses." Ex. B at Interrog. No. 38.

5. Mr. Kozuch's deposition commenced on July 19, 2021, and concluded on August 11, 2021. At deposition, Mr. Kozuch testified that he was exposed to asbestos from components of "in-service" CH-46 and CH-47 United States Marine Corps and United States Army helicopters, which the United States military sent to Boeing's Ridley Park facility for the purpose of refurbishing their helicopter blades after sustaining combat damage. *See* Eugene Kozuch Tr. Dep. 27:11-15; and Eugene Kozuch Discov. Dep. 80:4-81:2; 97:2-8, July 19, 2021 (relevant portions attached hereto as **Exhibit C**).

6. Boeing manufactures, sells, and supports commercial and military aircraft, each of which is individually comprised of myriad complex systems containing hundreds of thousands of components and sub-component parts manufactured by various other government contractors and sub-contractors. All CH-46 and CH-47 aircraft that Boeing manufactured, sold, and/or supported for the United States Government (the "Government"), including those used by the U.S. Marine Corps (USMC) and U.S. Army (USA), were specifically designed for military

use.  Boeing manufactured and supported these military aircraft in strict compliance with detailed specifications mandated and/or approved by the Government.  Moreover, the Government required that Boeing utilize specific, Government furnished aircraft equipment ("GFAE" or "GFE") in manufacturing these military aircraft.

7.   The federal officer removal statute provides that a notice of removal must be filed within 30 days of a defendant's receipt of the initial pleading or, "[i]f the case stated by the initial pleading is not removable," within 30 days after that defendant's receipt of "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. §§ 1442(a)(1), 1446(b)(3).

8.   As described above, the Mr. Kozuch's July 19, 2021 deposition was the first instance by which Boeing was able to ascertain that the instant matter is removable.  Neither the Plaintiffs' Complaint nor the Plaintiffs' interrogatory responses provided *any* indication that Plaintiffs were alleging that Mr. Kozuch developed mesothelioma as a result of alleged asbestos exposure due to work with or around component parts of CH-46 or CH-47 aircraft that Boeing manufactured and delivered to the USMC and/or USA pursuant to reasonably precise specifications mandated and/or approved by the Government.  *See generally*, Ex. A and Ex. B. at Interrog. No. 38.

9.   This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b) because it is filed within 30 days after Boeing was first informed that Plaintiffs allege that Mr. Kozuch was exposed to asbestos as a result of work with or around component parts from CH-46 and CH-47 aircraft.  In other words, it is within thirty days of the date that Mr. Kozuch first testified that he was exposed to asbestos from CH-46 and CH-47 military aircraft or equipment during his employment at Boeing's Ridley Park premises.

4

## II.   FEDERAL OFFICER REMOVAL IS APPROPRIATE UNDER 28 U.S.C. § 1442(a)(1)

10. Removal is proper under 28 U.S.C. § 1442(a)(1) when facts are disclosed establishing that: (1) the removing defendant is a person within the meaning of the statute; (2) it performed the complained-of action at the direction of a federal officer and under color of federal office; (3) there is a causal nexus between the defendant's actions and the plaintiff's claims; and (4) the defendant asserts a "colorable federal defense."  28 U.S.C. § 1442(a)(1); *Mesa v. California*, 489 U.S. 121, 123-35 (1989); *Golden v. New Jersey Inst. of Tech.*, 934 F.3d 302, 309 (3rd Cir. 2019); *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 254 (4th Cir. 2017); *Ripley v. Foster Wheeler LLC*, 841 F.3d 207, 209-10 (4th Cir. 2016); *Papp v. Fore-Kast Sales, Inc.*, 842 F.3d 805, 812 (3rd Cir. 2016); *In re Commonwealth's Motion to Appoint Counsel Against or Direct to Defender Ass'n of Philadelphia*, 790 F.3d. 457, 467 (3rd Cir. 2015); *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 586 F. App'x 604, 607 (2nd Cir. 2014); *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 88 (2d Cir. 2008); *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 127 (3rd Cir. 1998); *Vedros v. Northrop Grumman Shipbuilding, Inc.*, 2012 WL 3155180, *4-5 (E.D. Pa. Aug. 2, 2012); *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 776 (E.D. Pa. 2010). As demonstrated below, Boeing has satisfied all elements necessary to remove the instant matter to this Honorable Court.[2]

11. First, as a corporation, Boeing is a "person" for purposes of 28 U.S.C. § 1442(a)(1).  *Golden*, 934 F.3d at 310; *Papp*, 842 F.3d at 812 (finding that Boeing was a "person" within the meaning

---

[2] When deciding removal, a Court must "broadly construe Defendants' ability to remove under Section 1442(a)(1) as to avoid frustrating its policy objective of 'hav[ing] the validity of the defense of official immunity tried in a federal court' by applying a 'narrow, grudging interpretation.'"  *Hagen*, 739 F. Supp. 2d at 777, quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969) (additional citations omitted); *see also Vedros*, 2012 WL 3166180, *5 (stating that when deciding whether to remove a case based on the federal officer removal statute, the court must broadly construe the defendant's ability to remove).

30913491.v1
30913491.v1

of Section 1442(a)(1)); *Def. Ass'n*, 790 F.3d. at 467-68; *Cuomo v. Crane Co.*, 771 F.3d 113, 115 (2d Cir. 2014); *Ruppel v. CBS Corp.*, 701 F. 3d 1176, 1181 (7th Cir. 2012); *Isaacson v. Dow Chem. Co.*, 517 F. 3d 129, 135-36 (2nd Cir. 2008); *Winters v. Diamond Shamrock Chem. Co.*, 149 F. 3d 387, 398 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999); *Gordon v. Air & Liquid Systems Corp.*, 990 F. Supp. 2d 311, 317 (E.D.N.Y. 2014); *Vedros*, 2012 WL 3166180, *5, n. 9 (stating that defendant corporations CBS Corporation, Foster Wheeler, LLC, and General Electric Company fit the description of a "person acting under" a federal officer under Section 1442(a)(1)); *Hagen*, 739 F. Supp. 2d at 776, n.6; *Good v. Armstrong World Indus., Inc.*, 914 F. Supp. 1125, 1127 – 28 (E.D. Pa. 1996).

12. Second, Boeing manufactured the CH-46 and CH-47 military aircraft at the direction of a federal officer, the United States Government, and under color of federal office. The CH-46 and CH-47 aircraft at issue were manufactured for the Government pursuant to military procurement contracts with the Government and in compliance with detailed design specifications that the Government issued and/or approved. To the extent that the design or manufacture of the CH-46 and CH-47 aircraft included asbestos-containing parts or components, the Government required such inclusion in its approved detailed and precise specifications. Further, some components of the CH-46 and CH-47 aircraft, such as engines and their component parts, were not only furnished by the Government, but the Government required Boeing to install them on the aircraft. Any decision regarding asbestos in CH-46 and CH-47 military aircraft or the component parts thereof was subject to close, detailed, and ongoing supervision and control of the Government and its officers. *See e.g.*, *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 151-53 (2007); *Golden*, 934 F.3d at 310; *Papp*, 842 F.3d at 813; *Def. Ass'n*, 790 F.3d. at 468-70; *Isaacson*, 517 F.3d at 137; *Gordon*, 990 F. Supp.

2d at 317; *Green v. A.W. Chesterton Co.*, 366 F. Supp. 2d 149, 155-57 (D. Me. 2005); *New Jersey Dept. of Educ. Protection v. Exxon Mobile Corp.*, 381 F. Supp. 2d 398, 403-404 (D. N.J. 2005); *see also Hicksville Water District v. Jerry Spiegel Assoc., Inc.*, 2020 WL 3129162, at *5 (E.D.N.Y. June 12, 2020); *Ayo v. 3M Co.*, No. 18-CV-0373 (JS)(AYS), 2018 WL 4781145, at *7-9 (E.D.N.Y. Sept. 30, 2018); *Leonard v. Bd. of Supervisors of Louisiana State Univ. and Agric. and Mech. Coll.*, 2014 WL 2203876 at *1 (M.D. La. May 27, 2014) (adopting Report and Recommendation of Riedlinger, M.J., 2014 WL 2197042 at *2-3 (M.D. La. Jan 17, 2014)); *Vedros*, 2012 WL 3155180, *5-6 (where defendants presented evidence that defendants "were operating under very comprehensive and detailed instructions from the Navy," defendants satisfied the "acting under" requirement for removal under Section 1442(a)(1)); *Hagen*, 739 F. Supp. 2d at 784-85; *Fung v. Abex Corp.*, 816 F. Supp. 569, 572-73 (N.D. Cal. 1992);. The Government likewise controlled the content of written materials and warnings associated with the CH-46 and CH-47 aircraft. The Government exercised its discretion and approved certain warnings for CH-46 and CH-47 aircraft designed, manufactured, and supplied by Boeing; Boeing provided the warnings required by the Government; and Boeing warned the Government about any asbestos hazards known to Boeing but not known to the Government. *See Sawyer*, 860 F.3d at 255; *Papp*, 842 F.3d at 813; *Getz v. Boeing Co.*, 654 F.3d 852, 866 (9th Cir. 2011); *Winters*, 149 F.3d at 400; *Vedros*, 2012 WL 3155180, *5-6.

13. Third, there is a causal nexus between Boeing's alleged actions in manufacturing, repairing, and/or servicing the CH-46 and CH-47 aircraft and Mr. Kozuch's alleged injuries. Plaintiffs aver that Mr. Kozuch's mesothelioma was caused by the allegedly defective design of the aircraft and/or such injury was caused by Boeing's alleged failure to warn of the potential

hazards of asbestos-containing components. *See generally, e.g.*, Ex. A at ¶¶ 4-5. To meet this requirement, "there need be only '*a connection or association* between the act in question and the federal office.'" *Sawyer*, 860 F.3d at 258 (emphasis in original) (quoting *Papp*, 842 F.3d at 813); *see Golden*, 934 F.3d at 310.  If a defendant is sued for asbestos-related injuries purportedly arising from or relating to equipment that it manufactured and supplied to the Government under the Government's detailed direction and control, that defendant has been sued in relation to conduct under color of its federal office, satisfying the "causal nexus" requirement.  *See Golden*, 934 F.3d at 310; *Sawyer*, 860 F.3d at 258; *Def. Ass'n*, 790 F.3d. at 470-72; *Cuomo*, 771 F.3d at 117; *Ruppel*, 701 F.3d at 1181; *Hammell v. Air & Liquid System Corp.*, 2014 WL 4259206, at *5 (D.N.J. Aug. 29, 2014); *Hagen*, 739 F. Supp. 2d at 784 – 85.

14. Fourth, Boeing asserts a colorable federal defense, namely the "government contractor" defense set forth in *Boyle v. United Technologies, Inc.*, 487 U.S. 500 (1988) and its progeny. *Golden*, 934 F.3d at 310-11; *Sawyer*, 860 F.3d at 258; *Papp*, 842 F.3d at 814 (holding that Boeing asserted a colorable federal defense sufficient to sustain removal); *Def. Ass'n*, 790 F.3d. at 468-70; *Tate v. Boeing Helicopters*, 140  F.3d 654, 656 (6th Cir. 1998) (affirming grant of summary judgment on design defect claims); *Getz*, 690 F. Supp. 2d at 997-1000 (granting summary judgment on both failure to warn and design defect claims); *Ayo*, 2018 WL 4781145, at *9-10; *Gordon*, 990 F. Supp. 2d at 315, 318-19; *Haas v. 3M Co.*, No. 12-2944 (FLW), 2014 WL 3696043 at *7 (D.N.H. June 19, 2014) (overruled on other grounds) (granting summary judgment to Boeing on both product defect and failure to warn claims); *McCourt v. A.O. Smith Water Products Co.*, 2014 WL 4627165, at *2-3 (D.N.J. Sept. 11, 2014); *Vedros*, 2012 WL 3155180, *6-7; *Depascale v. Sylvania Elec. Products, Inc.*, 584 F. Supp. 2d 522, 526-27 (E.D.N.Y. 2008); *Exxon Mobil Corp.*, 381 F. Supp. 2d at 403-404; *Niemann v. McDonnell*

*Douglas Corp.*, 721 F. Supp. 1019, 1025 (S.D. Ill. 1989). In *Boyle*, the United States Supreme Court held that state law cannot impose liability for alleged defects in military equipment when: (1) the United States approved "reasonably precise specifications;" (2) the equipment, markings, and manuals conformed with those specifications; and (3) the supplier warned the Government about the dangers in the use of the equipment that were known to the supplier but not to the United States. 487 U.S. at 512.  To assert a colorable defense, a defendant is required only to identify facts which, viewed in the light most favorable to the defendant, would establish a defense under *Boyle* at trial, and "need not win his case before he can have it removed."  *Papp*, 842 F.3d at 815 (internal quotations omitted) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)); *accord Rhodes v. MCIC, Inc.*, 210 F. Supp. 3d 778, 782 (D. Md. 2016); *see also Vedros*, 2012 WL 3155180, *6 (stating that "at the motion to remand stage, the Court is not required to 'determine credibility, weight the quantum of evidence or discredit the source of the defense.'" (quoting *Hagen,* 739 F. Supp. 2d at 782)).  "Just as requiring a clearly sustainable defense rather than a colorable defense would defeat the purpose of the removal statute, so would demanding an airtight case on the merits in order to show the required causal connection."  *Sawyer*, 860 F.3d at 258 (internal quotations omitted) (quoting *Jefferson County v. Acker*, 527 U.S. 423, 432 (1999).

15. While *Boyle* expressly dealt with design defect cases, federal courts at both the district and circuit level have concluded that the government contractor defense is equally available in cases alleging injury from a failure to warn. *Ripley*, 841 F.3d at 211 (holding that government contractor defense is available in failure to warn cases); *Papp*, 842 F.3d at 814; *Cuomo*, 771 F.3d at 117; *Maguire v. Hughes Aircraft Corp.*, 912 F.2d 67 (3rd Cir. 1990); *Vedros*, 2012 WL 3155180, *6 (stating that the *Boyle* decision "has since been extended to failure to warn

products liability claims); *see also Emory v. McDonnell Douglas Corp.*, 148 F.3d 347, 350 (4th Cir. 1998) (stating that decisions applying government contractor defense in failure to warn cases were "reasoned soundly").  In addition to the Third Circuit, the Second, Fourth, Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits have all applied *Boyle*'s government contractor defense in failure-to-warn cases.  *Papp*, 842 F.3d at 814 & n.6 (collecting cases).

16. The government contractor defense is satisfied here because: (1) the design specifications, including all warnings, for the CH-46 and CH-47 military aircraft manufactured, repaired, and/or serviced by Boeing were issued and/or approved by the Government; (2) the CH-46 and CH-47 aircraft and supporting manuals did, in fact, conform to those specifications; and (3) to the extent that asbestos was believed, at the time, to be a hazardous material, the Government's knowledge of such hazards was superior to that of Boeing.  *See Papp*, 842 F.3d at 814-15; *Ramey v. Martin-Baker Aircraft Co.*, 874 F.2d 946, 950-51 (4th Cir. 1989) (holding that because of the government's demonstrated knowledge of the risk of asbestos, the third element of *Boyle* was satisfied regardless of the level of defendant's knowledge of risks); *Citrano v. John Crane-Houdaille, Inc.*, 1 F. Supp. 3d 459, 467-69 (D. Md. 2014); *Gordon*, 990 F. Supp. at 318-19; *Hicks v. Boeing*, No. 13-393-SLR-SRF, 2014 WL 1051748, at *5-7 (D. Del. Mar. 17, 2014); *Vedros*, 2012 WL 3155180, *6-7; *Fung*, 816 F. Supp. at 573; *Niemann*, 721 F. Supp. at 1027-28 (the contractor has no duty to warn the Air Force about the alleged hazards of asbestos because the Air Force already had superior knowledge about those hazards).

17. Moreover, the government contractor defense need apply to only one of the claims in a complaint to allow removal of the entire case under the federal officer removal statute.  *Sawyer*, 860 F.3d at 257.

18. Boeing also is entitled to federal officer removal under 28 U.S.C. § 1442(a)(1) based on the separate defense of derivative sovereign immunity set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18, 21 (1940). In *Yearsley*, the Court established that a government contractor acting at the direction and authorization of a government officer is immune from suit based on performance of the government contract. *Id.* at 20-21. The *Yearsley* doctrine applies here rendering Boeing immune from this suit because Boeing performed the at-issue acts expressly at the direction of federal government officers acting pursuant to federal government authorization. In other words, where, as here, the federal government would be immune from suit had it directly performed the at-issue acts, Boeing is immune for its performance of the same given the Government's direction and control.

### III.   JURISDICTION

19. Removal of this action is proper under 28 U.S.C. §§ 1331, 1442. Consistent with the short and plain statement of the law and facts set forth above, federal district courts have original jurisdiction over the subject matter of this suit under 28 U.S.C. § 1442(a)(1), because Boeing was acting under an officer or agency of the United States Government in relation to any claims asserted against Boeing, and Boeing can state at least a colorable defense under federal law to any such claims. *See Sawyer*, 860 F.3d at 254; *Papp*, 842 F.3d at 812-15; *Cuomo,* 771 F.3d at 117; *Ruppel*, 701 F.3d at 1179-86.

20. "Unlike the general removal statute, the federal officer removal statute is to be 'broadly construed' in favor of a federal forum." *Papp*, 842 F.3d at 811 (quoting *Def. Ass'n*, 790 F.3d at 466-67); *Hagen*, 739 F. Supp. 2d at 777; *see also Willingham*, 395 U.S. at 406 (noting that scope of federal officer removal statute "is not narrow or limited").

## IV.   INTRADISTRICT ASSIGNMENT

21. Because this Court is the United States District Court for the district and division embracing the place where the original State Court Complaint was filed, it is the appropriate court for removal under 28 U.S.C. § 1446(a).  Boeing reserves the right to move the Court for transfer to another district.

## V.   PROCEDURAL COMPLIANCE

22. Pursuant to 28 U.S.C. § 1446(d), Boeing is filing written notice of this Notice of Removal with the Court of Common Pleas of Philadelphia County concurrently with the filing of this Notice of Removal, and will serve the same on all counsel of record. A copy of the notice to be filed in State Court, in the form in which it will be filed and served, is attached as **Exhibit D**.

23. Because Boeing satisfies the requirements for removal under 28 U.S.C. § 1442(a)(1), it is entitled to remove this action without obtaining the consent of other defendants.  *See, e.g.*, *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998).

24. As required by 28 U.S.C. § 1446(a), true and correct copies of the process and pleadings served upon Boeing are being filed with this Notice of Removal.

25. A court cannot remand a properly removed case for discretionary or policy reasons, such as allegedly related state court cases or a contention that judicial economy compels remand.  28 U.S.C. § 1447(c); *Thermitron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336 (1976).  The federal officer removal statute, 28 U.S.C. § 1442(a)(1), is not narrow or limited, and it should not be frustrated by a narrow or grudging interpretation.  *Willingham*, 395 at 405.

26. Should Plaintiffs move to remand this case, Boeing respectfully requests an opportunity to respond more fully in writing, including submission of additional authority and declarations.

27. Boeing reserves all of its defenses.

**WHEREFORE**, Boeing requests that this Court administer all further proceedings in this action until the action is either dismissed or transferred.

Date:   August 17, 2021

**GOLDBERG SEGALLA**

By:    *James F. Coleman*
James F. Coleman., Esquire
Attorneys for Defendant,
The Boeing Company

13

## CERTIFICATION OF SERVICE

I, James F. Coleman, Esquire, hereby certify that a true and correct copy of the foregoing

Notice of Removal, supporting documents, and Jury Demand were filed with the Court and served

on all counsel of record via email on this date.

Date:   August 17, 2021

**GOLDBERG SEGALLA**

By:     *James F. Coleman*
        James F. Coleman., Esquire
        1700 Market Street, Suite 1418
        Philadelphia, PA 19103-3907
        T:      267-519-6800
        Attorneys for Defendant,
        The Boeing Company

14