# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MAY 2021**

E-Filing Number: 2105032729

**001678**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| EUGENE G. KOZUCH | THE BOEING COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 462 HILLSIDE ROAD<br>RIDLEY PARK PA 19078 | C/O CORPORATION SERVICE CO. 2595 INTERSTATE DRIVE, #103<br>HARRISBURG PA 17110 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| KATHRYNANN KOZUCH | 3M COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 462 HILLSIDE ROAD<br>RIDLEY PARK PA 19078 | 3M CORPORATE HEADQUARTERS 3M CENTER<br>ST. PAUL MN 55144 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | WYETH HOLDINGS CORPORATION, F/K/A AMERICAN CYANAMID COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 5 GIRALDA FARMS<br>MADISON NJ 07940 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 2 | 18 | ☒ Complaint | ☐ Petition Action | ☐ Notice of Appeal |
| | | ☐ Writ of Summons | ☐ Transfer From Other Jurisdictions | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less | ☐ Arbitration | ☒ Mass Tort | ☐ Commerce | ☐ Settlement |
| ☒ More than $50,000.00 | ☐ Jury | ☐ Savings Action | ☐ Minor Court Appeal | ☐ Minors |
| | ☐ Non-Jury | ☐ Petition | ☐ Statutory Appeals | ☐ W/D/Survival |
| | ☐ Other: | | | |

**CASE TYPE AND CODE**

T1 - MASS TORT - ASBESTOS

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| **FILED PRO PROTHY**<br>MAY **19** 2021<br>**S. RICE** | YES          NO |

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>EUGENE G KOZUCH , KATHRYNANN KOZUCH</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| CASEY R. COBURN | 1515 MARKET STREET<br>SUITE 2000<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215) 546-8200 | (215) 545-1591 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 201624 | ccoburn@nasscancelliere.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *CASEY COBURN* | Wednesday, May 19, 2021, 08:57 am |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. THE BOEING COMPANY
   C/O CORPORATION SERVICE CO. 2595 INTERSTATE DRIVE, #103
   HARRISBURG PA 17110
2. 3M COMPANY
   3M CORPORATE HEADQUARTERS 3M CENTER
   ST. PAUL MN 55144
3. WYETH HOLDINGS CORPORATION, F/K/A AMERICAN CYANAMID COMPANY
   5 GIRALDA FARMS
   MADISON NJ 07940
4. BRAND INSULATIONS, INC.
   C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
   HARRISBURG PA 17101
5. CATERPILLAR, INC.
   100 N.E. ADAMS STREET
   PEORIA IL 61629
6. CLARK EQUIPMENT COMPANY
   C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
   HARRISBURG PA 17101
7. CRANE COMPANY
   100 FIRST STAMFORD PLACE
   STAMFORD CT 06902
8. DREVER COMPANY
   124 S. YORK ROAD
   HATBORO PA 19040
9. DEXTER HYSOL AEROSPACE, LLC
   CORPORATION SERVICES COMPANY 215 LITTLE FALLS DRIVE
   WILMINGTON DE 19808
10. FOSTER WHEELER, LLC
    UNITED AGENT GROUP 3411 SILVERSIDE ROAD TATNALL BUILDING, #104
    WILMINGTON DE 19810
11. HAJOCA CORPORATION
    CORPORATION SERVICE COMPANY 2595 INTERSTATE DRIVE, #103
    HARRISBURG PA 17110
12. HENKEL CORPORATION
    CORPORATION SERVICES COMPANY 215 LITTLE FALLS DRIVE
    WILMINGTON DE 19808
13. HONEYWELL INTERNATIONAL, INC. AS SUCCESSOR IN INTEREST TO
    ALIAS: TO BENDIX CORPORATION
    CORPORATION SERVICE CO. 2595 INTERSTATE DRIVE, #103
    HARRISBURG PA 17110
14. KEELER/DORR-OLIVER BOILER CO.
    C/O JOHN G. GAUL, ESQUIRE THREE LOGAN SQUARE 1717 ARCH STREET, SUITE 3710
    PHILADELPHIA PA 19103
15. METROPOLITAN LIFE INSURANCE CO.
    200 PARK AVENUE
    NEW YORK NY 10166
16. UNION CARBIDE CORPORATION
    C/O CT CORPORATION SYSTEMS 600 N. 2ND STREET, SUITE 401
    HARRISBURG PA 17101
17. U.S. SUPPLY COMPANY
    RT. #13 & BATH ROAD
    BRISTOL PA 19007
18. WEINSTEIN SUPPLY CO.
    4612 LANCASTER AVENUE
    PHILADELPHIA PA 19131



Filed and Attested by the Office of Judicial Records 19 MAY 2021 09:57 am S. RICE

By:  Casey R. Coburn
E-mail:  ccoburn@nasscancelliere.com
Identification No. 201624
NASS CANCELLIERE
1515 Market Street, Suite 2000
Philadelphia, PA  19102
(215) 546-8200

Attorneys for Plaintiff,

ASSESSMENT OF DAMAGES HEARING
IS REQUIRED
NON-JURY

| | |
|---|---|
| EUGENE G. KOZUCH and : | COURT OF COMMON PLEAS |
| KATHRYNANN KOZUCH, h/w : | PHILADELPHIA COUNTY |
| 462 Hillside Road : | |
| Ridley Park, PA  19078 : | |
| : | MAY TERM, 2021 |
| v. : | NO. |
| : | |
| THE BOEING COMPANY : | |
| c/o Corporation Services Co. : | |
| 2595 Interstate Drive, Suite 103 : | |
| Harrisburg, PA  17110 (CONT'D) : | |

## CIVIL ACTION - COMPLAINT
### (Personal Injury - 2090 Asbestos)
### NOTICE TO DEFEND

**NOTICE**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333

**AVISO**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas espuestas en las paginas siguientes, usted tiene veinte (20) disa de plazo el partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perer dinero o sus propiedades u otros derechos importantes para usted.

*Lleva esta demanda a un abogado immediatamente.  Si no tiene abogado o si no tiene el dinero suficiente de pagartal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion de Licenciadosde Filadelfia
Servicio de Referencia e Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107

**By: Casey R. Coburn**
**E-mail:** ccoburn@nasscancelliere.com
**Identification No. 201624**
**NASS CANCELLIERE**
**1515 Market Street, Suite 2000**
**Philadelphia, PA 19102**
**(215) 546-8200**

**Attorneys for Plaintiff,**

**ASSESSMENT OF DAMAGES**
**HEARING IS REQUIRED**
**NON-JURY**

| EUGENE G. KOZUCH and | : | COURT OF COMMON PLEAS |
| KATHRYNANN KOZUCH, h/w | : | PHILADELPHIA COUNTY |
| 462 Hillside Road | : | |
| Ridley Park, PA 19078 | : | |
| | : | TERM, 2021 |
| v. | : | NO. |
| | : | |
| THE BOEING COMPANY | : | |
| c/o Corporation Services Co. | : | |
| 2595 Interstate Drive, Suite 103 | : | |
| Harrisburg, PA 17110 (CONT'D) | : | |

## SHORT FORM COMPLAINT

Plaintiff incorporates by reference Plaintiff's Master Long Form Complaint In Re: Asbestos

Litigation in Philadelphia Court of Common Pleas, filed as of October Term, 1986, No. 8610-0001.

Pursuant to an Order dated July 30, 1986 and signed by the Honorable Richard B. Klein and the

Honorable Edward J. Blake the following Short Form Complaint is utilized in this asbestos action.

Case ID: 210501678

1.    This Complaint involves the claims for the following persons:

(a) Plaintiff

    Name:    Eugene G. Kozuch

    Address:    462 Hillside Road
                 Ridley Park, PA 19078

                 Social Security Number: xxx-xx-3553

                 Date of Birth: 9/29/1935

(b) Spouse:    Kathrynann Kozuch

                 Social Security Number: xxx-xx2825

                 Date of Birth: 11/6/1943

2.    The Defendants are those companies identified in the caption of this Complaint.

3.    Plaintiff's employment history is as follows:

| | |
|---|---|
| Employer: | Outside House Painter |
| Years: | 1953 |
| Job Title: | Painter |
| | |
| Employer: | United Container (Philadelphia, PA) |
| Years: | 1954 - 1968 |
| Job Title: | Loading Trucks/Forklift |
| | |
| Employer: | Zenith Metals (Morton, PA) |
| Years: | 1968 – 1969 |
| Job Title: | Forklift Operator |
| | |
| Employer: | Warner Company (DeVault, PA) |
| Years: | 1969 - 1970 |
| Job Title: | Machine operator |
| | |
| Employer: | Boeing |
| Years: | 1974 - 1999 |
| Job Title: | Inventory Control, Forklift Operator, Storeroom, Production Control Dispatcher |

4.    Plaintiff was exposed to asbestos during portions of his employment for Boeing. Discovery and investigation is continuing as to whether the plaintiff was exposed to asbestos in any other occupational settings or non-occupational settings.

5.      Defendant, The Boeing Company, is being sued based upon employer premises liability in that the defendant negligently owned, possessed, operated and controlled the premises in Ridley Park, Pennsylvania in a manner that the plaintiff was exposed to asbestos dust from asbestos-containing products that were being utilized on defendant's premises, and that the defendant knew or should have known that this exposure was a significant health hazard to its employees, the plaintiff and others similarly situated.

6.      Insofar as defendant, The Boeing Company, plaintiff specifically incorporates herein by reference the employer liability allegations set forth in Count VII of the above-referenced Master Long Form Complaint.

7.      Plaintiff was diagnosed on or about April 13, 2021, as suffering from mesothelioma. Plaintiff's exposure to asbestos was a factual cause of his mesothelioma.

9.      A claim for lost wages is not being asserted at this time.

NASS CANCELLIERE

BY: _____

CASEY R. COBURN
Attorneys for Plaintiffs

3M Company
3M Corporate Headquarters
3M Center
St. Paul, MN 55144-1000

Wyeth Holdings Corporation, f/k/a American
Cyanamid Company
5 Giralda Farms
Madison, NJ 07940

Brand Insulations, Inc.
c/o C.T. Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA 17101

Caterpillar, Inc.
100 N.E. Adams Street
Peoria, IL 61629

Clark Equipment Company
c/o C.T. Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA 17101

Crane Company
100 First Stamford Place
Stamford, CT 06902-6740

Drever Company
124 S. York Road
Hatboro, PA 19040

Dexter Hysol Aerospace, LLC
Corporation Services Company
215 Little Falls Drive
Wilmington, DE 19808

Foster Wheeler LLC
United Agent Group
3411 Silverside Road
Tatnall Building #104
Wilmington, DE 19810

Hajoca Corporation
Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

Henkel Corporation
Corporation Services Company
215 Little Falls Drive
Wilmington, DE 19808

Honeywell International, Inc.
as successor in interest to Allied Signal, Inc.,
as successor in interest to Bendix Corporation
Corporation Service Co.
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

Keeler/Dorr-Oliver Boiler Co.
c/o John G. Gaul, Esquire
Three Logan Square
1717 Arch Street, Suite 3710
Philadelphia, PA 19103-2832

Metropolitan Life Insurance Co.
200 Park Avenue
New York, NY 10166

Union Carbide Corporation
c/o C.T. Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA 17101

U.S. Supply Company
Rt. #13 & Bath Road
Bristol, PA 19007

Weinstein Supply Co.
4612 Lancaster Avenue
Philadelphia, PA 19131

Case ID: 210501678

**VERIFICATION**

The undersigned is the Plaintiff in this action, and verifies that the facts contained in the foregoing document are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the said document are based on information gathered by my counsel, the undersigned has relied upon counsel in executing this verification. The language of this verification is that of counsel and not of the signer. I understanding that the statements contained in said document are made subject to the penalties of 18 Pa.C.S. section 4904 relating to unsworn falsification to authorities.

DATE: _5-/8·)0v1_     By: _____

# EXHIBIT B

**NASS CANCELLIERE**
**By: Michael A. Cancelliere, Jr., Esquire**
**Attorney Identification No. 56989**                                    **Attorneys for Plaintiff(s)**
**1515 Market Street, Suite 2000**
**Philadelphia, PA  19103**
**(215) 546-8200**

| | |
|---|---|
| EUGENE  G.  and  KATHRYNANN | :   COURT OF COMMON PLEAS |
| KOZUCH, h/w | :   PHILADELPHIA COUNTY |
| | : |
| | : |
| vs. | :   ASBESTOS CASE |
| | : |
| | :   MAY TERM, 2021 |
| THE BOEING COMPANY, et al. | : |
| | :   NO.: 001678 |
| | : |

## PLAINTIFFS' ANSWERS TO DEFENDANTS'
## MASTER INTERROGATORIES

     1.    Please state your full name, including aliases or nicknames; date of birth; social security number and current address.

               Full name:   **Eugene G. Kozuch**
               SSN:          **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**
               Nicknames:  **Gene**
               Address:     **462 Hillside Road, Ridley Park, PA 19078**
               Date of Birth: **9/29/1935**

     2.    If the person answering these interrogatories is the representative of a deceased claimant, set forth the name of the person responding to these interrogatories; the legal capacity in which that person is responding; the date and place of the decedent's death; the decedent's cause of death; and, whether or not you contend that the decedent's death was related to asbestos exposure.

        **N/A**

-1-

3.    Have you or your attorneys filed on behalf of any of the plaintiffs named herein, any related or companion lawsuits or legal actions in any court based upon any alleged asbestos-related condition?  If so, please list the caption and identifying number of any such suits.

**No**

4.    Please provide a chronological list of all addresses at which you have resided. Please also provide the dates of residence at these addresses.

**See Exhibit 1**

5.    State the names and dates of birth of your spouse and children, as applicable.

Spouse:        **Kathrynanne Kozuch**
Children:      **Brian Kozuch (43)**
               **David Kozuch (40)**

6.    If any person, including those listed in No. 5 above, is partially or totally financially dependent upon you, state his or her name, date of birth, current address, relationship to you, and the amount of support given during the last five (5) years.

**Mrs. Kozuch only.**

7.    Set forth your current occupation and employer.

Position:      **Retired**
Employer:

8.    Please provide a complete chronological history of work experience, to include: the name and address of each employer and work site; your job title and the dates of employment; and, whether you were exposed to asbestos at the job or work site listed, and the period of time for each exposure alleged.

**See Exhibit 2.**

9.    If this lawsuit is based upon any asbestos exposure other than that described in the preceding interrogatory, then set forth the nature, location and dates of said exposure.

**N/A**

10.     If you are retired, please state the date of retirement, type of retirement, the employment retired from and the reason for your retirement.

**Regular retirement from Boeing 1999.**

11.     During your last year of full-time employment, what was your gross income?

**N/A**

12.     What are the injuries for which you are claiming compensation in this lawsuit?

**Mesothelioma.  See Plaintiff's Complaint as well as Plaintiff's medical records for further details.**

13.     What is the name and address of the doctor who diagnosed these injuries, and what was the date of diagnosis?

Doctor:              **Dr. Joseph Whitlark**

Diagnosis Date:      **April 2021**

14.     Please provide a complete list of the hospitals, institutions or other health-related facilities in which you have been confined, or in which you have received out-patient treatment, including: the name and address of the hospital, institution, or other health-related facility; the date of admission; the date of discharge; medical condition, illness or symptoms which were the basis for each hospitalization, institutionalization, or other treatment; diagnosis at discharge; and, the full name and address of admitting physician or principal treating physician.

**See Exhibit 3.**

15.     Please provide a complete list of medical practitioners, including, but not limited to, physicians and therapists, excluding those listed in No. 14 above, who have rendered services to you, and as to each, state: full name and present or last known address; the date(s) of examination, treatment, or other care; and, the medical condition, illness or symptoms which were the basis for each examination, treatment or consultation.

**See Exhibit 4.**

16.    If you have ever used tobacco products, state: the type(s) of tobacco product you have used; the dates during which you have used each type of tobacco product; and, the daily frequency with which you have used each tobacco product (i.e., two packages of cigarettes daily, three cigars daily, two pipefuls daily, etc.).

**Plaintiff smoked between 1 and 2 packs of cigarettes per day from approximately 1949 to 2000.**

17.    State whether you have ever sought, filed for, or received any of the following: Workmen's Compensation benefits; sickness, accident or disability benefits provided by or through an employer for non-employment related conditions; Social Security disability benefits; Veterans medical or disability benefits; Union disability benefits; and, any other disability benefits.

**No**

18.    For each affirmative response to Interrogatory No. 17, please provide the following: a description of the benefits sought, filed for, or received; the identity of each person, firm, corporation or entity (including insurance companies or union) from which benefits were sought, filed for or received; claim number, account number or other identifying information; the date of request or claim for benefits; and, the date on which benefits were first received or denied.

**N/A**

19.    Describe your educational background, including:

(a)    the names and addresses of all schools attended;

**John Bartram High School, Philadelphia, PA**

(b)    dates of attendance;

**1950-1954**

(c)    dates of graduation;

**1954**

(d)     diplomas or degrees received

**High School**

20.     Have you ever served in the Armed Forces of the United States?  If so, state:

**No**

(a)     the branch of the service;

(b)     your serial number, initial rank, rank at discharge, and highest rank held;
Serial Number:
Initial Rank:
Discharge Rank:

(c)     the dates of your service;

(d)     the type of discharge you received;

(e)     whether you were given any physical examination  which included x-rays;

(f)     whether you were injured while in the service and the nature of your injury or injuries;

(g)     whether you incurred any illness requiring hospitalization while in the service and the nature of that illness?

(h)  whether you claimed any disability for any injury, physical condition, or illness arising out of your military service; and if so, state the details of the claim, including the nature of the claim, the date the claim was made, when the claim was adjudicated, and the compensation, if any, which was awarded.

21.  What is your present marital status?

**Married**

22.  Have you ever been married to anyone other than your present spouse?  If so, state:

(a)  Your former spouse's name and present address;

**Elizabeth**

(b)  the date of the marriage;

**Married for approximately 5 years**

(c)  how and when the marriage ended;

**Divorce**

(d)  whether you provide any support for the former spouse;

**No**

(e)  whether the former spouse provides any support for you.

**No**

23.  Have you or your spouse ever lived apart from one another either under a legal separation agreement or under an informal arrangement?  If so,

**No**

(a)     when?

(b)     for how long?

(c)     what was your address and your spouse's address during the separation?

24.     Has your spouse ever been employed?  If so, state:

**Yes, many years ago.**

(a)     the name and address of each employer;

(b)     the dates of each employment;

(c)     whether employment was or is full-time or part-time;

(d)     the job title(s) and description(s);

(e)     the amount of the spouse's average weekly or monthly salary.

25.     Have you engaged in any part-time employment within the past five years in addition to your regular occupation?  If so, state:

**No**

(a)     each employer for whom you worked part-time;

(b)     the type of work performed;

(c)     the rate of pay;

(d)     the number of hours or days you were employed; and

(e)     whether you are currently employed.

26.     Describe any pain or suffering for which you are claiming compensation in this lawsuit.

**Plaintiff suffers from shortness of breath, exertional intolerance, weakness, fatigue, general malaise, and mental anguish arising from having his disease as well as from the fear of his disease progressing and dying from his disease.**

**See plaintiff's complaint and medical records for additional details.  Plaintiff is also expected to elaborate on this subject at his deposition.**

27.     Describe the nature of any disability for which you are claiming compensation in the lawsuit.

**Because of the aforesaid physical symptoms, plaintiff is generally unable to exert himself as he did before the onset of his symptoms.  He has difficulty walking, climbing steps, and exercising because of his shortness of breath and exertional intolerance.  These physical symptoms along with his mental anguish, affect his ability to perform his customary day to day activities, as a result of which he suffers a loss of life's pleasures and enjoyment.**

**See plaintiff's complaint and medical records for additional details.  Plaintiff is also expected to elaborate on this subject at his deposition.**

28.     If you have had chest x-rays taken, including x-rays taken at the request of your employer, state:

      (a)     the names and addresses of the persons who took the x-rays;

      **See plaintiff's medical records in the possession of RecordTrak.**

      (b)     the dates on which the x-rays were taken;

      (c)     the charges you incurred for the x-rays and evaluations; and

      (d)     if and when you were informed of the results of those x-rays.

29.     Has any physician or other person conducted pulmonary function tests on you, including pulmonary function tests done at the request of your employer?  If so, who conducted the tests and when and where were they conducted?  Please list any costs you incurred for the tests.

      **See plaintiff's medical records in the possession of RecordTrak.**

30.     Are you still under a physician's care for the injuries which are the subject of this lawsuit?  If so, state:

      **Yes, Plaintiff is receiving chemotherapy**

      (a)     name(s) and address(es) of the treating physicians.

      **Dr. Benjamin Jacobs**

      (b)     the frequency of treatment; and

      **Every 3 weeks**

      (c)     the date you were last treated.

      **6/7/21**

31.     Have you ever been confined to a bed or confined to your house because of the condition for which you instituted this lawsuit?  If so, state the period of that confinement.

**Periodically**

32.     Did you have annual or other regular physical examinations?  If so, state the names and addresses of the examining physicians, when and where they took place, whether you or your employer requested these examinations, and whether you were advised of the results.

**Yes**

33.     If you have not fully recovered from the injuries for which you are suing, state in what ways you have not fully recovered.

**No.  See Nos. 26, 27 and 30 above.**

34.     Do you claim that exposure to asbestos has aggravated a pre-existing condition?

**No.**

(a)     If so, had you recovered from the pre-existing condition at the time of the exposure to the asbestos materials?

(b)     If you had recovered, what was the date of recovery?

35.     When were you first aware of any symptoms which you now believe to be related to the injuries for which you are suing?  What were those symptoms?

**April 2021**

36.     If you believe you were exposed to asbestos materials aboard specific ships or in certain buildings, identify the ships or buildings.

**See Exhibit 5.**

37.     Set forth in detail the exact nature of your work that involved exposure to asbestos materials, including:

(a)    the frequency of contact with asbestos materials;

**Varied according to job duties**

(b)    the frequency with which you worked near other persons who worked with asbestos materials; and

**Varied according to job duties**

(c)    the manner in which you performed your work.

**Plaintiff performed typical duties of his trades**

38.    List, by type, brand or trade name, and manufacturer, every asbestos-containing product to which you believe you were exposed.

**To be supplied by the plaintiff at his discovery deposition, and/or by plaintiff's product identification witnesses.**

39.    For each asbestos-containing product identified in the answer to the preceding interrogatory, set forth the places, circumstances, and dates of exposure.

**See Interrogatory 38.**

40.    For each separate defendant to whose asbestos products you claim exposure, state the names, home addresses and business addresses of all individuals who have knowledge of that particular exposure.

**To be supplied by the plaintiff's product identification witnesses, the list of whom are being provided separately as required by the local rules applicable to asbestos actions.**

41.    State whether each asbestos-containing product you have identified had any caution or warning, and if so, set forth the nature and text of each such warning or caution and when you first became aware of such warning or caution.

**No.**

42.    Did you ever work with, or around, asbestos-containing materials, which were manufactured, sold, prepared, or distributed, installed or removed by any person or company not named as a defendant in this lawsuit?

**To be supplied.  Discovery and investigation is continuing.**

43.    If your answer to the previous interrogatory is in the affirmative, identify each such person or company, and state:

**Not applicable.**

(a)    the type of product;

(b)    when and where the exposure occurred;

(c)    the type of work you were doing during this exposure;

(d)    how the exposure occurred; and

(e)    your employer at the time.

44.    What are the names and addresses of each of your supervisors during the period in which you claim you were exposed to asbestos materials?

**See Exhibit 6.**

45.    What are the names and addresses of each of your co-workers when you were allegedly exposed to asbestos?

**See Exhibit 6.**

46.    Have you or your attorneys, representatives, or experts performed any tests upon any asbestos-containing products, to which you claim you were exposed, to determine their composition?

**No**

47.    If so, state the name, address, job classification, and employer of the person who conducted each test, and;

**N/A**

(a)    the date of each test;

(b)    state the tools used in each test;

(c)    state where each test was conducted?

(d)    set forth a summary of the findings or results of each test;

(e)    state the nature of the test performed on each product;

(f)    state the names, addresses, and occupations of all persons present during any of the tests;

(g)    state the specific products on which the tests were conducted; identifying the products by manufacturer, brand or trade name, and type of product;

(h)    state whether any reports, notes, memoranda, or other type of record was made for any such test, and if so, by whom?

48.    State the present location of the record referred to in the preceding interrogatory, including the name, address, and occupation of the person who has possession of such record.

**N/A**

49.    Do you, your attorneys, your representatives or experts have possession of any samples of any asbestos or asbestos-containing products referred to in the Complaint and, if so, state:

**To be made available for inspection if the plaintiff intends on using them at trial.**

(a)    the name, address, and job classification of the person having custody;

(b)    the manufacturer's name, brand or trade name, distributor's name, and type of product for each sample;

(c)    when, where, and from whom each sample was obtained;

(d)    whether the samples were altered or changed in any way from the state in which they were manufactured and originally distributed;

(e)    whether you have viewed any such sample; and if so, when?

50.     State whether you or any other person known to you has, or knows of, photographs of insulating repair or insulation work done by, or near you; and if so, state:

**No.**

(a)     when each photograph was taken;

(b)     the name, address, and occupation of the person who took each photograph;

(c)     where each photograph was taken;

(d)     the present location and the name, address, and occupation of the custodian of each such photograph;

(e)     what each photograph depicts;

(f)     whether you personally have seen any such photographs; and if so, when?

51.     Do you, or any person known to you, have, or know of, the existence of any asbestos product information or data sheets with information about the characteristics and uses of any asbestos product to which you were exposed.  If so, state:

**To be supplied if the plaintiff intends to use them as evidence.**

(a)     the manufacturer or seller, brand or trade name, and type of product of each sample;

(b)     when and from whom each sample was obtained;

(c)     whether you have seen any of these product information or data sheets and, if so, when.

52.     Do you, or any person known to you, have or know of, photographs of any asbestos-containing products made or sold by any defendant or other person or company; and if so, state:

**To be supplied if the plaintiff intends to use them as evidence.**

(a)     when each photograph was taken;

(b)     the name, address, and occupation of the person who took each photograph;

(c)     where each photograph was taken;

(d)     the present location, and the name, address, and occupation of the person who has possession of each such photograph;

(e)     what each photograph depicts;

(f)     whether you personally have seen any such photograph; and if so, when.

53.     Did your employer ever give any instructions or warnings during the course of your employment about any alleged dangers of asbestos?

**Yes**

54.     If the answer to the preceding interrogatory is yes, then, for each instruction or warning, state:

**Sometime in the 1980's**

(a)     the date given;

(b)     the person who gave it;

(c)     whether the communication was written or oral;

(d)     if the communication was written, whether you have a copy of it in writing or know of anyone who does have a copy?

(e)     if the communication was written, the author of the communication; and

(f)     a summary of the communication.

55.     Were masks, respirators, or other dust inhalation inhibitors available during any part of your employment, and if so, state:

**Possibly sometime in the 1980's**

(a)     whether the devices were provided by your employer;

(b)     the period of time of your employment during which the devices were available to you;

(c)     what instructions were given to you about using the devices;

(d)     the manufacturer of the device;

(e)     whether and when you ever used the devices;

(f)     how often, by a percentage of the time you were exposed to asbestos materials, you in fact used the devices.

56.     Did any of your employers ever recommend or require that you use any device to reduce your possible exposure to, or inhalation of, asbestos fibers?

**Possibly sometime in the 1980's**

57.     If your response to the preceding interrogatory was in the affirmative, state:

(a)     the employer's name and address;

(b)     when, where, and the circumstances under which each recommendation or requirement was made;

(c)     the identity of the person who issued the recommendation or requirement to you;

(d)     the identity of each person present when each recommendation or requirement was made to you;

(e)     the identity of each person who received the same or similar recommendation or requirement;

(f)     the exact wording and content of each recommendation or requirement; and whether it was made in writing or orally;

(g)     the type, make, and model of each device referred to in each recommendation, or requirement;

(h)     the nature of the action, if any, you took in response to each recommendation or requirement.

58.     Did you at any time receive any publication, warning, requirement, or recommendation, whether written or oral, which purported to:

**See previous answer**

(a)     advise you of possible harmful effects of exposure to, or inhalation of asbestos; or

(b)     recommend techniques or equipment which would reduce or guard against such potentially harmful exposure?

-17-

59.     If you answered in the affirmative to any part of the preceding interrogatory, state for each communication:

**See previous answer**

(a)     the nature and exact wording;

(b)     when, where, and the circumstances under which it was communicated;

(c)     the identity of each source;

(d)     the identity of each witness to your receipt of the communication?

(e)     the identity of each co-worker or similarly situated person who received a similar communication.

60.     Do you, or any person known to you, have, or know of, samples of any asbestos product labels, warnings, packaging markings, or writings, or any other type of symbols or writings identifying or describing such products or warning of hazards of such products; and if so, state:

**To be supplied if the plaintiff intends to use them as evidence.**

(a)     the manufacturer, brand or trade name, and type of product of each such sample;

(b)     when and from whom each sample was obtained;

(c)     whether the samples were altered or changed in any way from when they were originally produced;

(d)     whether you have seen such samples; and if so, when.

61.     Do you, or any person known to you, have, or know of, samples of warning signs, notices, bulletins, pamphlets, memoranda, or other writing posted at your place of employment by your employer, your labor union, by any state governmental agency, or by any federal governmental agency, about asbestos health hazards or work practices and procedures to be followed when working with or near asbestos-containing products; and if so, state:

**No.**

(a)     the type and content of the sample;

(b)     when and from whom the sample was obtained;

(c)     when the writing was issued or posted; and

(d)     the present location, and the name, address, and occupation of the person who has possession, of each such sample.

62.     Were you a member of any labor union at anytime?   If so, state for each membership:

**Yes**

(a)     the name of the union and its local;

**United Aerospace Local 1069**

(b)     the time periods in which you were a member;

**While at Boeing**

(c)     the names of your local's officials.

**Cannot recall**

63.     When were you an apprentice?

**N/A**

64.     When were you a journeyman?

**N/A**

65.     What offices have you held, and on what committees have you served for either your local, regional, national or international union?

**None**

66.     Have you ever attended any international, national, regional or local union meetings, seminars, conferences, or conventions, at which the subjects of occupational health and exposure to asbestos were discussed?  If so, state:

**Not that Plaintiff can recall**

(a)     when and where such meetings took place;

(b)     the names and addresses of any speaker or discussion leader; and

(c)     a summary of the matters under discussion.

67.     Have you ever been informed by any person in your local or international union of any possible hazards associated with exposure to asbestos?  If so, state:

**Not that Plaintiff can recall**

(a)     the name, address, and official capacity of the person;

(b)     when and where you were so informed;

(c)     the information you received;

(d)     what action, if any, you took upon learning this information.

68.     Did you receive any union newspapers, newsletters, or other publication?   If so, state:

> **Yes**

(a)     the type and nature of each publication received;

> **Newsletter**

(b)     how often you received such publications; and

> **Monthly**

(c)     whether you read such publications.

> **Sometimes**

69.     Have you ever discussed this lawsuit or the injuries you claim in this lawsuit with any official of your local or international union?  If so, state:

> **No**

(a)     the name, address, and official capacity of each person with whom you discussed these matters;

(b)     when, where, and under what circumstances did you discuss these matters;

(c)     the substance of these discussions.

70.     Did you ever participate in any medical screening program or health survey sponsored by, or with, your local or international union?  If so, state:

> **No**

(a)     when and where you so participated;

(b)     the nature of the program or survey;

(c)     the name and address of any examining physician or health practitioner;

(d)     whether any x-rays were taken.

71.     If you are claiming loss of earnings or impairment of earning power because of any asbestos-related condition, disease or injury, then state:

**N/A**

(a)     when you first became impaired;

(b)     the name and address of your employer, your job classification, and your monthly or weekly rate of pay at the time you claim to have become impaired or lost earning power;

(c)     if you had more than one employer during the three-year period prior to the onset of the impairment in earning power, then state the names and addresses of all employers, your job classifications, your weekly or monthly rates of pay, and the dates of employment;

(d)     the dates during which you were unable to work to your expectations because of any asbestos-related injury, and the total amount of pay you lost because of this inability.

72.     State whether you have ever sought, filed for or received any of the following:

(a)     Social Security retirement benefits;

   **Yes**

(b)     Life insurance benefits including, but not limited to, waiver of premium;

   **Yes**

(c)     Union retirement benefits;

   **Boeing**

(d)     Any other retirement benefits; and


(e)     Unemployment compensation.


73.     When, if ever, did you first become aware that asbestosis was a compensable occupational disease under a state or federal workmen's compensation Act?  State how you became aware of this fact.

   **N/A**

74.     For each hospital, or other health-related facility in which you have been confined as the result of any alleged asbestos related condition, disease or injury, itemize by facility the costs you incurred.  State whether or not these expenses have been paid, partially or wholly, and identify the person or other entity who has paid them.

   **To be supplied if the plaintiff intends to seek recovery of the same.**

75.     State the total amount of any other expenses, including doctor bills, which you incurred as a result of your alleged asbestos-related condition, disease or injuries.  State whether or not these expenses have been paid, partially or wholly, and identify the person or other entity who has paid them.

**To be supplied if the plaintiff intends to seek recovery of the same.**

76.    If a claim is made for household help, state the names and addresses of each person employed for household help, the dates of the employment, and the expenses incurred.

**To be supplied if the plaintiff intends to seek recovery of the same.**

77.    Do you now consume, or have you ever consumed, alcoholic beverages?  If so, describe what you drink, and the frequency and quantity of your consumption.

**When Plaintiff was younger.  Not in recent years.**

78.    If you have used cigarettes, cigars, pipes, or any other tobacco product, state:

    (a)    the brand names of the tobacco product;

**Kool and Pallmall**

    (b)    whether you were ever advised by any physician, or other person to stop using tobacco products, and if so, identify each person so advising you, and state when the advice was given to you, and whether you followed the advice.

**No**

79.    If you ever stopped using tobacco products, please state your reasons for doing so.

**Personal choice**

80.    Are you aware of the United States Surgeon General's cautions placed on all cigarette packages and advertisements?  If so, when did you acquire this awareness?

**Yes**

81.    Have you ever read the warnings referred to in the preceding interrogatory?

**See No. 83**

82.     Have you ever smoked cigarettes after becoming aware of the cautions?

**See No. 83**

83.     Are you aware that the use of tobacco may cause cancer?  If so, when did you acquire this knowledge?

> **Plaintiff was not aware of this when he began smoking, and was never aware of the potentially deadly combination of asbestos dust inhalation and cigarette smoking.**

84.     Identify the sources of all information you, your attorneys, or other representatives, obtained in answering the preceding interrogatory, setting forth the names and addresses of all persons providing the information, their employment, and their job positions.

85.     Have you ever given sworn testimony in a criminal or civil proceeding other than this; and, if so, state:

**No**

(a)     when and where you testified;

(b)     who called you as a witness;

(c)     in what court you testified;

(d)     the subject matter of your testimony;

(e)     the parties to the proceedings.

86.     Identify all written statements which you have made which relate to the facts of this lawsuit and the damages claimed.

**None.**

87.     List the names of each person who will testify as a fact witness on behalf of the plaintiffs.

**Plaintiff's product identification and exposure witnesses, and plaintiff's family members.  Plaintiff reserves the right to supplement or amend his fact witness list.**

88.     For each person identified in your answer to interrogatory number 87, state the person's

**To be supplied when plaintiff makes a final determination as to who will be testifying as fact witnesses.**

(a)     age;

(b)     home and business address;

(c)     employer's name;

(d)     occupation;

(e)     previous employment history, including a description of duties for each employer.

89.     For each person identified in your answer to interrogatory number 87, state the subject matter of the witness's proposed testimony and the facts to which the person will testify.

**The facts set forth in plaintiff's Complaint; product identification; plaintiff's job duties and exposure to asbestos; lack of warnings on asbestos-containing products; plaintiff's physical and mental pain and suffering as well as other damages.**

90.     With whom did you consult in preparing your answers to these interrogatories?

**Counsel of record.**

91.     Did you rely on any documents in preparing your answers to these interrogatories? If so, describe each document fully, and state when, where, and from whom you obtained the document.

**Counsel relied in part on plaintiff's medical records and reports.**

ANSWERS 92-113

The following physician(s) have examined and/or tested the plaintiff, and/or have reviewed the plaintiff's medical records and studies, and may testify in this litigation:

> **Plaintiff's expert medical witnesses and their reports will be supplied in accordance with the applicable procedural rules.**
>
> **Plaintiff also reserves the right to call as expert and/or fact witnesses, any of plaintiff's treating physicians, or any physician who has rendered any findings, diagnoses or opinions relative to the plaintiff.**
>
> **For Answers to Interrogatories 92(b)-113, see plaintiff's medical records, plaintiff's expert reports, and the prior qualifications and general medicine testimony given by the plaintiff's medical experts.**

114.    Please list the names and addresses of every person you intend to call at the time of trial to testify as a non-medical expert witness and for each state and identify:

> **To be supplied.**

(a)     The subject matter of his expected testimony;

(b)     The substance of the facts and opinions to which he will testify;

(c)     All materials or other information provided by you to him for the preparation of his testimony in this case;

(d)     All materials reviewed by him with regard to his testimony in this case;

(e)     All materials upon which he will rely for his testimony in this case;

(f)     All materials he will utilize during the
        course of his testimony in this case;

(g)     His employers for the past ten years and his title and job responsibilities for
        each;

(h)     The caption of every other asbestos case in which he has testified since 1980,
        the party for whom he testified and the name of the opposing counsel in
        each;

(i)     All facts upon which you will rely at trial to qualify him as an expert;

(j)     All books, articles, studies or other matters published by the expert;

(k)     The title and subject matter of all unpublished articles, books or studies
        authored by the expert.

115.     State the name and address of every person who has been retained, consulted or
specially employed as an expert in anticipation of litigation or preparation for trial, but who is not
expected to be called as a witness at trial.

**Objection.  Defendants are not entitled to discovery of this information without
a showing of exceptional circumstances for requiring this information under
the applicable Rules of Civil Procedure.**

NASS CANCELLIERE

*/s/Michael A. Cancelliere, Jr.*

BY:_____
        MICHAEL A. CANCELLIERE, JR.
        Attorneys for Plaintiffs

## PLAINTIFF'S RESIDENCES

**DATES**                                    **ADDRESSES**

**Childhood**                                **7906 Buist Avenue**
                                             **Philadelphia, PA**


**Approx. 65 years**                         **Apartment in Southwest Philadelphia**


**Approx. 1963-1973**                        **7906 Buist Avenue**
                                             **Philadelphia, PA**

**Approx. 1973-Present**                     **462 Hillside Road**
                                             **Ridley Park, PA**

EXHIBIT 1

## PLAINTIFF'S WORK HISTORY

| **Dates** | **Employer** | **Job Title** | **Asbestos Exposure** |
|---|---|---|---|

**See Plaintiff's Complaint**

EXHIBIT 2

## PLAINTIFF'S HOSPITALIZATIONS

**Dates**               **Hospital**                **Medical Condition**                        **Physician**

**SEE PLAINTIFF'S MEDICAL RECORDS AND REPORTS IN THE POSSESSION OF RECORDTRAK.**

EXHIBIT 3

## PLAINTIFF'S PHYSICIANS

**Dates**                    **Physician**                                                      **Medical Condition(s)**

**SEE PLAINTIFF'S MEDICAL RECORDS AND REPORTS IN THE POSSESSION OF RECORDTRAK.**

EXHIBIT 4

## **LOCATIONS OF ASBESTOS EXPOSURE**

**Employer**                                                **Location**

**See Exhibit No. 2**

EXHIBIT 5

## PLAINTIFF'S SUPERVISORS AND CO-WORKERS

**Employer**                    **Supervisors**                    **Co-Workers**

**SEE PLAINTIFF'S PRODUCT IDENTIFICATION WITNESS LIST WHICH WILL BE SUPPLIED IN ACCORDANCE WITH THE APPLICABLE LOCAL RULES OF CIVIL PROCEDURE.**

EXHIBIT 6

## **VERIFICATION**

The undersigned hereby verifies that the facts contained in the foregoing document are true and correct to the best of my knowledge, information, and/or belief.   I understand that the statements contained in this document are made subject to the penalties of 18 Pa. C.S. section 4904 relating to unsworn falsification to authorities.

Date:   6/15/2021

By:

## <u>CERTIFICATE OF SERVICE – EUGENE KOZUCH</u>

The undersigned attorney certifies that the foregoing **Plaintiff's Answers to Defendants' Master Interrogatories** was electronically served on all law firms of record this **15th day of June, 2021**. It is available for viewing and downloading through RecordTrak's E-Service.  It has been served by fax or email for those non-participating law firms.

James F. Coleman, Esquire
jcoleman@goldbergsegalla.com
C. Quincy Conrad, Esquire
qconrad@goldbergsegalla.com
**GOLDBERG SEGALLA**
1700 Market Street, Suite 1418
Philadelphia, PA  19103
Telephone No.:  (267) 519-6865
Fax No.:          (267) 519-6801
Christopher Deering (Paralegal)
cdeering@goldbergsegalla.com
**Counsel for The Boeing Company**

Basil A. DiSipio, Esquire
bdisipio@lavin-law.com
**Lavin, O'Neil, Ricci, Cedrone & Disipio**
190 North Independence Mall West
6th and Race Streets, Suite 500
Philadelphia, PA  19106
Telephone No.:  (215) 627-0303
Fax No.:          (215) 627-2551
**Counsel for  3M Company**

James P. Hadden, Esquire
jph@maronmarvel.com
**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**
Three Logan Square1717 Arch Street, Suite 3710
Philadelphia,PA  19103
Telephone No.:  (215) 231-7100
Fax No.:          (215) 231-7101
**Counsel for Wyeth Holdings Corp f/k/a American Cyanamid Co.**

Christine P. Busch, Esquire
cpbusch@mdwcg.com
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Telephone No.:  (215) 575-4559
Fax No.:          (215) 575-0856

**Counsel for Brand Insulations, Inc.**
Timothy D. Rau, Esquire
trau@mdwcg.com
**MARSHALL, DENNEHEY, WARNER,**
  **COLEMAN & GOGGIN**
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Telephone No.:  (215) 575-2600
Fax No.:        (215) 575-0856
**Counsel for Clark Equipment Company c/o C.T. Corporation Systems**

G. Daniel Bruch, Jr., Esquire
gdbruch@swartzcampbell.com
Gregory M. Stokes, Esquire
gmstokes@swartzcampbell.com
**SWARTZ CAMPBELL**
One Liberty, 38th Floor
1650 Market Street
Philadelphia, PA  19102
Erin Magee (Paralegal) emagee@swartzcampbell.com
Telephone No.:  (215) 564-5190
Fax No.:        (215) 299-4301
**Counsel for Crane Company and Drever Company**

Vincent F. Reilly, Esquire
vreilly@rjm-law.com
Susan M. Valinis, Esquire
svalinis@rjm-law.com
**REILLY, McDEVITT, & HENRICH, P.C.**
One South Penn Square, Suite 410
Philadelphia, PA  19107
Telephone No.:  (215) 972-5200
Fax No.:        (215) 972-0405
**Counsel for Foster Wheeler LLC**

Christina A. Gonzales, Esquire
cgonzales@goldbergsegalla.com
**GOLDBERG SEGALLA LLP**
1700 Market Street, Suite 1418
Philadelphia, PA  19103
Telephone No.:  (267) 519-6800
Fax No.:        (267) 519-6801
**Counsel for Hajoca Corporation**

Peter J. Neeson, Esquire
pneeson@rawle.com
Kimberly Lapworth, Esquire
klapworth@rawle.com
**RAWLE & HENDERSON, LLP**
The Widener Building
1339 Chestnut Street, 16th Floor
Philadelphia, PA  19107
Ed Kralick (Paralegal)
ekralik@rawle.com
Telephone No.:  (215) 575-4200
Fax No.:        (215) 563-2583
**Counsel for Honeywell International, Inc. as successor in interest to Allied Signal, Inc., as successor in interest to Bendix Corporation**

Stephanie A. Fox, Esquire
saf@maronmarvel.com
Eric Kadish, Esquire
ejk@maronmarvel.com
Jennifer A. McGarrity, Esquire
jmcgarrity@maronmarvel.com
**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**
Three Logan Square
1717 Arch Street, Suite 3710
Philadelphia, PA 19103-2832
Telephone No.:  (215) 231-7100
Fax No.:        (215) 231-7101
**Counsel for Keeler/Dorr-Oliver Boiler Co.**

Stewart Singer, Esquire
ssinger@srstlaw.com
**SALMON RICCHEZZA SINGER TURCHI**
1601 Market Street, Suite 2500
Philadelphia, PA  19103-2302
Telephone No.:  (215) 606-6600
Fax No.:        (215) 606-6601
**Counsel for Metropolitan Life Insurance Co.**

Catherine N. Jasons, Esquire
cjasons@kjmsh.com
**KELLEY, JASONS, MCGOWAN, SPINELLI & HANNA, LLP**
1818 Market Street, Suite 3205
Philadelphia, PA  19103
Sandy Coco (Paralegal)
scoco@kjmsh.com

Telephone No.:  (215) 854-0658
Fax No.:        (215) 854-8434
**Counsel for Union Carbide Corporation c/o CT Corporation Systems; Dexter Hysol Aerospace, LLC Corporation Services Company and Henkel Corporation**

Patrick T. Finnegan, Esquire
pfinnegan@mkcilaw.us.com
**McGiveny, Kluger, Clark & Kluger, P.C.**
1650 Arch Street, Suite 1800
Philadelphia, PA  19103
Telephone No.:  (215) 557-1990
Fax No.:        (215) 557-7590
**Counsel for US Supply Company**

Joseph M. O'Neill, Esquire
joneill@mooclaw.com
Kevin O'Brien, Esquire
kobrien@mooclaw.com
**Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.**
1617 John F. Kennedy Boulevard, Suite 1010
Philadelphia, PA  19103
Telephone No.:  (215) 564-6688
Fax No.:        (215) 564-2526
**Counsel for Caterpillar, Inc. and Weinstein Supply**

Tiffany Alexander, Esquire
talexander@tktrial.com
**Tanenbaum Keale LLP**
101 Lindenwood Drive, Suite 225
Malvern, PA  19355
Telephone No.:  (484) 875-3037
Fax No.:        (484) 526-7574
**Counsel for Caterpillar, Inc.**

**DATE:        6/15/2021**                    ___*/s/Michael A. Cancelliere, Jr.*___
                                              **MICHEAL A. CANCELLIERE, JR.**

# EXHIBIT C

Page 1

| | |
|---|---|
| EUGENE G. KOZUCH, et al, | : COURT OF COMMON |
| | : PLEAS |
| Plaintiffs | : PHILADELPHIA COUNTY |
| | : |
| vs. | : |
| | : |
| HONEYWELL INTERNATIONAL, et al, | : MAY TERM, 2021 |
| | : |
| | : |
| Defendants | : NO. 1678 |

- - -

MONDAY, JULY 19, 2021

Remote Video Taped Trial
Deposition of EUGENE G. KOZUCH, taken pursuant
to notice, at Media, Pennsylvania, on above
date, beginning at or about 10:00 a.m., before
Jeanne Christian, Professional Reporter and
Notary Public and Daniel Grbich, Video
Technician.

* * *

VERITEXT LEGAL SOLUTIONS
MID-ATLANTIC REGION
1801 MARKET STREET, 18TH FLOOR
PHILADELPHIA, PA 19103

4700088-1

Page 26

1  glasses on.  I always had them with me.
2  Q.   So if you had to get closer to the
3  mechanic, you would put your safety glasses
4  on?
5  A.   Yes, yes.  Well, no, to cross the line.
6  Q.   If you had to cross the line?
7  A.   If you had to cross the line.
8  Q.   If you had to cross the line, you put
9  your safety glasses on?
10 A.   Yes.
11 Q.   At any point during this period of time
12 from 1974 to 1979, when you were working in
13 production control, did you ever wear a mask
14 when you were in 307?
15 A.   I never knew I had to.
16 Q.   It is either yes or no.
17 A.   No, I'm sorry.
18 Q.   That's all right.
19       At any point from 1974 to
20 1979, when you went into 307, the blade shop,
21 did you ever observe any of the blade
22 mechanics, as you called them, wearing a mask?
23 A.   No.
24       MR. COLEMAN:  I still have the

4700088-1

Page 28

1  BY MR. CANCELLIERE:
2  Q.   And you mentioned that you saw them
3  patching the blades?
4  A.   Yes.
5  Q.   Just tell me what you meant by patching
6  the blades.
7  A.   Well, they had like a putty knife, they
8  were in this can, putting it on the blade,
9  smoothing it out, and then they were sanding
10 it.  After it dried, they sanded, and --
11 Q.   You are only able to tell me what you
12 saw, so I want to know what you saw.
13 A.   Yes.
14 Q.   Now, were you present when they were
15 sanding?
16 A.   Yes.
17 Q.   And what, if anything, would happen when
18 they would sand?
19 A.   Dust.
20 Q.   And did you breathe that dust?
21 A.   Oh, yes.
22 Q.   Now, you also mentioned the word
23 repairing.  Is that, when you are using the
24 word repairing, something different than what

4700088-1

Page 27

1  objection.
2       MR. CANCELLIERE:  Yes, you can
3  have a continuing objection to all my
4  questions, okay?
5       MR. COLEMAN:  Perfect, yes,
6  okay, thank you.
7  BY MR. CANCELLIERE:
8  Q.   Okay, so let's start with some of the
9  things that you told me that you observed them
10 doing, all right?
11       First of all, again, I know
12 you weren't a blade mechanic, but what was
13 your understanding as to why the helicopter
14 blades were in there to begin with?
15 A.   They were damaged in the war.
16 Q.   And approximately, so the jury has an
17 understanding, how big were these helicopter
18 blades, approximately?
19 A.   As long as this room.
20 Q.   So this room is probably at least
21 25 feet long, would you agree, approximately?
22       MR. COLEMAN:  Yes, yes.
23       THE WITNESS:  Or longer.
24 Maybe a little longer.

4700088-1

Page 29

1  you have already described or it is basically
2  the same?
3  A.   Basically, the same.
4  Q.   Now, during the time that we are
5  discussing when you were in production
6  control, did you ever observe any containers
7  or cartons or anything at all that would tell
8  you the manufacturer of any of the materials
9  the blade mechanics were using?
10 A.   Yes.
11 Q.   And do you recall the names of any of
12 the manufacturers that you saw?
13 A.   The only container or -- container or
14 can I saw was 3M.
15 Q.   And you are saying one.  Did you see
16 more than one?
17 A.   Yes, yes.
18 Q.   And how did you know it was 3M?
19 A.   A big red 3 and an M, red and black.
20 No getting away from that.
21 Q.   All right.  And when you observed that,
22 did you see that on -- what did you see that
23 on, boxes?
24 A.   Boxes and cans and caulking tubes.

Page 1

EUGENE G. KOZUCH, et     : COURT OF COMMON
al,                      : PLEAS
     Plaintiffs          : PHILADELPHIA COUNTY
                         :
          vs.            :
                         :
HONEYWELL                : MAY TERM, 2021
INTERNATIONAL, et        :
al,                      :
     Defendants          : NO. 1678


                    -  -  -

          MONDAY, JULY 19, 2021
               Remote Video Taped Discovery
Deposition of EUGENE G. KOZUCH, taken pursuant
to notice, at Media, Pennsylvania, on above
date, beginning at or about 11:00 a.m., before
Jeanne Christian, Professional Reporter and
Notary Public and Daniel Grbich, Video
Technician.



               ***

     VERITEXT LEGAL SOLUTIONS
        MID-ATLANTIC REGION
   1801 MARKET STREET, 18TH FLOOR
      PHILADELPHIA, PA 19103

4700088-2

Page 78

1   A.   No.
2   **Q.**   No? Okay. Just make sure you let me
3   finish the question here.
4          And there is one other area I
5   just want to revisit when looking at my notes
6   before we turn to Boeing.  You talked about
7   your mother was into gardening; is that
8   correct?
9   A.   Say again?
10  **Q.**   Gardening? Your mother was into
11  gardening?
12  A.   Yes.
13  **Q.**   Did you ever help your mother out when
14  she was gardening?
15  A.   Yes.
16  **Q.**   Have you ever heard of a product called
17  vermiculite?
18  A.   That's an insulation, isn't it?
19         MR. CANCELLIERE: He is asking
20  if you ever heard of it.
21         MR. COLEMAN: Yes.
22         THE WITNESS: Oh, yes, yes,
23  yes.
24  BY MR. COLEMAN:

Veritext National Court Reporting Company
202-857-3376 302-571-0510 410-837-3027 610-434-8588 215-241-1000

---

4700088-2

Page 79

1   **Q.**   Do you know if you or your mother were
2   ever exposed to vermiculite while she was
3   gardening?
4   A.   No.  For gardening?
5   **Q.**   Yes.
6   A.   No.
7   **Q.**   I think we are going to turn to your
8   time at Boeing now, okay?
9   A.   All right.
10  **Q.**   And let me look at my notes here.  It is
11  going to follow a similar pattern to the
12  questions that your counsel asked when it
13  comes to Boeing, okay?
14  A.   Yes.
15  **Q.**   And when is your understanding of the
16  time that you started working there?
17  A.   Say again, please.
18  **Q.**   What was the -- when did you start
19  working there?
20  A.   '74, 1974.
21  **Q.**   And I believe you previously testified
22  about -- we can go to your job duties in a
23  moment, but I just want to make sure this is
24  clear.  When you were discussing the rotor

Veritext National Court Reporting Company
202-857-3376 302-571-0510 410-837-3027 610-434-8588 215-241-1000

---

4700088-2

Page 80

1   blades, you said that these helicopters were
2   coming back from the war?
3   A.   Yes.
4   **Q.**   So these were in-service helicopters
5   being sent back to --
6   A.   Yes.
7   **Q.**   You have to make sure --
8          MR. CANCELLIERE: Let him
9   finish.
10         THE WITNESS: Oh, I'm sorry.
11  BY MR. COLEMAN:
12  **Q.**   These were in-service helicopters that
13  were being sent back to Boeing for repairs;
14  correct?
15  A.   Yes.
16  **Q.**   And is it your understanding that these
17  repairs were being directed by the United
18  States Government?
19  A.   I don't know who was --
20  **Q.**   Do you know -- do you know if the things
21  were coming back -- I'm sorry, the helicopters
22  were coming back from the Army or the Navy?
23  A.   You had Army and Marines.
24  **Q.**   Okay.  And those are branches of the

Veritext National Court Reporting Company
202-857-3376 302-571-0510 410-837-3027 610-434-8588 215-241-1000

---

4700088-2

Page 81

1   United States Military; correct?
2   A.   Yes.
3   **Q.**   So they would be operating under the
4   auspices of the United States Government;
5   correct?
6          MR. CANCELLIERE: Objection to
7   form.
8          THE WITNESS: I guess.
9   BY MR. COLEMAN:
10  **Q.**   So, now, we can sort of dig into your
11  time at Boeing.  The records we have indicate
12  that you started -- you started there in 1968.
13  Does that ring a bell to you?
14  A.   '68?
15  **Q.**   Yes.
16  A.   I never started there until '74.
17  **Q.**   Okay.  There could be some discrepancies
18  there on our end, but -- so is your
19  understanding that you started there in July
20  of 1974?
21  A.   I don't know what month it was, but '74.
22  **Q.**   Do you remember -- so do you remember if
23  it was hot out?  Was it summer?
24  A.   When did they have the big strike there?

Veritext National Court Reporting Company
202-857-3376 302-571-0510 410-837-3027 610-434-8588 215-241-1000

4700088-2

Page 94

1  people who were doing the work on the blades?
2  A.   Blade mechanics.
3  Q.   And you were never a blade mechanic;
4  correct?
5  A.   No, un-huh.
6  Q.   And what were the blade mechanics doing
7  while you were --
8  A.   Repairing blades.
9  Q.   And what did that -- what did that
10  entail?
11       MR. CANCELLIERE:  He wants to
12  know what you saw them doing.
13  BY MR. COLEMAN:
14  Q.   What did you see them -- I'm sorry, what
15  did you see them doing?
16  A.   Scraping loose material off the blades,
17  putting new material out of cans that had the
18  3M on them, and after that dried, they would
19  sand it, and then, after that dried -- after
20  they got done sanding it, they would paint
21  something on there, make it all nice and
22  smooth, and then you put it outside to be
23  reprocessed.
24  Q.   And there were times when you would go

4700088-2

Page 95

1  to Building Number 307, and there was no work
2  being done on the blades; correct?
3  A.   On the what?
4  Q.   There were times when you went to
5  Building Number 307, where they were not doing
6  work on the blades; is that correct?
7       MR. CANCELLIERE:  Objection.
8       THE WITNESS:  No, no, they
9  were always doing blades.
10  BY MR. COLEMAN:
11  Q.   So it is your testimony that they were
12  always doing this type of work when you went
13  there?
14  A.   When I left there?
15  Q.   When you went there.
16  A.   Yeah.
17  Q.   I just wanted to make that clear.  So it
18  is your testimony that every time you went
19  there, they were doing this type of work; is
20  that correct?
21  A.   You know how many of those things were
22  shot up?
23       MR. CANCELLIERE:  Just say yes
24  or no.

4700088-2

Page 96

1       THE WITNESS:  Yes, I'm sorry.
2       MR. COLEMAN:  No, I completely
3  understand.
4       THE WITNESS:  He is trying to
5  confuse me over here.
6       MR. CANCELLIERE:  No, he is
7  asking you questions.  Just answer to the
8  best of your ability.
9  BY MR. COLEMAN:
10  Q.   I promise I'm not trying to confuse you.
11       So you said they were shot up.
12  So they were coming back from the military;
13  correct?
14  A.   Yes.
15  Q.   So these were helicopters that were in
16  operation --
17  A.   Yes.
18  Q.   Let me finish.  These were helicopters
19  that were in operation coming back from a war
20  zone?
21  A.   Yes.
22  Q.   And I'm not going to ask you any
23  questions about the 3M part of it, because
24  someone else will talk to you a little bit

4700088-2

Page 97

1  more about that.
2       These were Army aircraft;
3  correct?  Or Army helicopters?
4  A.   Army, Marines.
5  Q.   And as far as you are aware, these
6  repairs were being done pursuant to government
7  contracts?
8  A.   I guess, yes.
9  Q.   And you previously discussed that there
10  were yellow lines in the floor; is that
11  correct?
12  A.   Yes.
13  Q.   So there were times where you would be
14  behind these yellow lines when this work was
15  going on; correct?
16  A.   Yes.
17  Q.   And how far away were you when this work
18  was going on?
19  A.   Some what?
20  Q.   How far away were you from -- how far
21  away were the yellow lines from where the work
22  was occurring?
23  A.   I would walk right up to the yellow
24  line.